UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CAMPBELL,<br><br>        Plaintiff,<br><br>    v.<br><br>PFIZER, INC.,<br><br>        Defendant. | Case No. 24-cv-04323-VC<br><br>**ORDER OF DISMISSAL** |

Dennis Campbell, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pfizer, Inc. Campbell has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The court now addresses the claims asserted in the complaint.

## DISCUSSION

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

In other cases in which the plaintiff does not seek relief from a state actor but is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of little weight or importance: having no basis in law or fact"). An action is malicious if it was filed with the "intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (9th Cir. 2005).

## II. Campbell's Allegations

Campbell alleges the following: Pfizer misled the public about its vaccine, intentionally overstating its efficacy and censoring people who threatened to disseminate the truth, resulting in many people, including Campbell, being convinced to take the vaccine based on misrepresentations. Pfizer's conduct violated the Eighth and Fourteenth Amendments as well as California consumer protection laws and the Federal Trade Commission Act. Pfizer is

incorporated and headquartered in the state of Delaware.

### III. Analysis

Campbell has not stated any constitutional claims. Pfizer is not a state actor, and Campbell has not alleged any violations of the Constitution or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private individual does not act under color of state law, an essential element of a § 1983 action). There is no private right of action under the Federal Trade Commission Act. *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) (15 U.S.C. § 45(a)(1) provides no direct remedy to consumers; "[t]he protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission").

Regarding the state law claims, although federal jurisdiction is available where the parties are citizens of different states and the amount in controversy exceeds $75,000, pursuant to 28 United States Code section 1332, Campbell has not adequately alleged the elements of diversity jurisdiction. Even if the Court had diversity jurisdiction over Campbell's state law claims, they would be dismissed on the merits. To state a claim under California's False Advertising Law (Business and Professions Code sections 17500 *et seq.*) and Unfair Competition Law (Business and Professions Code sections 17200 *et seq.*) a person must have "suffered injury in fact and . . . lost money or property as a result of unfair competition." *Hansen v. Newegg.com Americas, Inc.*, 25 Cal. App. 5th 714, 723 (2018) (internal quotation mark omitted). Campbell did not purchase the Pfizer vaccine and did not experience economic injury.

### CONCLUSION

Based on the foregoing, the court orders as follows:

Even liberally construed, the allegations do not give rise to any claims against the defendant. The federal claims are dismissed with prejudice. The state claims are dismissed for lack of jurisdiction without leave to amend (because any amendment to cure the jurisdictional defects would be futile, in light of the failure to state a claim under California law). The clerk shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: January 15, 2025

_____
VINCE CHHABRIA
United States District Judge